**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CASE NO. 1:23-CR-65-HAB-SLC |
| DEREK L. TAYLOR, | |
| Defendant. | |

## OPINION AND ORDER

Defendant Derek Taylor pleaded guilty to two counts of federal drug and gun crimes in May 2024 (ECF No. 33) and was sentenced to 197 months' imprisonment on June 26, 2025. (ECF No. 82). As part of his plea agreement, Taylor agreed to forfeit several items of evidence—all firearms and related ammunition and accessories—and a Final Order of Forfeiture was entered on December 18, 2024. (ECF No. 62). Now before the Court are Taylor's two motions for return of property, two cell phones, seized during the same 2023 search of his residence conducted by the Fort Wayne Police Department ("FWPD") but not included in the forfeiture order.

In his first motion, Taylor requested the Court "to compel the courts or prosecutor to release petitioners [sic] cellphones," though he cited no legal basis for that relief. (ECF No. 92). The Court ordered the Government to respond (ECF No. 93), to which the Government argued (a) the cellphones are still in the FWPD's custody, not that of the United States Government, (b) there is no obligation to return these seized items until after the expiration of his postconviction motion period, in case the Government needs the items as potential evidence at a retrial or any other proceeding, and (c) Taylor's most recent requests to the Court indicate that he is planning to file a postconviction motion. (ECF No. 94). Taylor did not reply to the Government's response, but

instead has now filed a second motion for return of property, this time citing Federal Rule of Criminal Procedure 41(g) and arguing that he was not afforded due process for the continued seizure of these phones because the Government never initiated administrative forfeiture proceedings. (ECF No. 95). Taylor's second motion does not address any of the Government's arguments.

The Court agrees with the Government that Taylor's requested relief cannot be given at this time. For one, as of the writing of this Order Taylor's postconviction motions period is still open, and Taylor has given the Government and this Court multiple reasons to believe that a § 2255 motion is imminent. *See* ECF No. 85 (letter requesting client files from former attorney in order to make a habeas challenge); ECF No. 88 (motion for sentencing transcripts because "defendant currently is in the process of constructing his 28 U.S.C. 2255 petition"). Given Taylor's representations about his intent to file a § 2255, any return of the seized property must be delayed. *See United States v. Sims*, 376 F.3d 705, 708 (7th Cir. 2004) (noting Rule 41(g) can be invoked "after criminal proceedings have concluded to recover the defendant's property *when the property is no longer needed as evidence*" (emphasis added)); *United States v. Frederickson*, 2024 WL 982498, at *3 (7th Cir. Mar. 7, 2024) (holding "[t]he district court may delay the return of seized property if it may be used in later proceedings" and that a court reasonably delays the property's return where a defendant has outstanding challenges to his conviction because "if any succeed, the seized evidence may be necessary for a retrial").

Perhaps more importantly, though, it is not clear that this is relief the Court *could* grant, as the Government represents multiple times that it does not have possession of these items. Taylor does not respond to or else deny that the property is in the possession of the Fort Wayne Police Department, not the United States Government. But given the Government's lack of possession of

the property here, the Court likely cannot grant Taylor's request because "Rule 41(g) does not permit a district court to order state police to return seized property." *Id.*; *see also Okoro v. Callaghan*, 324 F.3d 488, 491 (7th Cir. 2003) ("Since in the usual case the only relief sought by the Rule 41(g) motion is return of the property *by the government*, the fact that the government doesn't have it is ordinarily a conclusive ground for denial of the motion" because "an action for the return of property is necessarily directed against the custodian." (emphasis in original)). The Government indicated its willingness "to recommend the Fort Wayne Police Department return the cellphones after Taylor's time to file a 2255 has passed and after there is no remaining potential for a retrial," (ECF No. 94), leading the Court to the conclusion that an order for the federal government to return property it does not have would be futile. Still, it is possible that the FWPD is holding the property "as the agents of the government," and if "the government is ordered to return it, they must return it." *Okoro*, 324 F.3d at 492. Given that his request should be denied because of the potential for postconviction motions, however, the Court need not make that determination at this time. Should Taylor attempt to use another Rule 41(g) motion to recover this property after his postconviction motions period has expired, he will need to address what authority this Court has to grant him such relief.

For these reasons, the Court DENIES Taylor's Motions for Return of Property. (ECF No. 92, 95).

**SO ORDERED** this 12th day of May 2026.

s/ Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT